UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| DAVID CLARK SEMON, | ) | | |
| | ) | | |
| Petitioner, | ) | Nos. | 3:09-CR-68-PLR-HBG |
| | ) | | 3:14-CV-110-PLR |
| v. | ) | | |
| | ) | | |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## MEMORANDUM AND ORDER

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion") [Doc. 28].[1] The United States responded in opposition to the petition [Doc. 43]. During the pendency of the § 2255 Motion, Petitioner also filed a motion to dismiss for failure to state a claim, and for reconsideration [Doc. 37]. The United States did not respond to this Motion.

For the following reasons, Petitioner's § 2255 Motion [Doc. 28] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Petitioner's motion to dismiss for failure to state a claim and for reconsideration [Doc. 37] will be **DENIED AS MOOT**.

I. BACKGROUND

On June 4, 2009, in an indictment, a federal grand jury in the Eastern District of Tennessee charged Petitioner with being a felon in possession of a firearm and with possessing an unregistered short-barreled shotgun [Doc. 1]. Petitioner pleaded guilty to both charges [Doc. 16].

---

[1] All citations to the record are found on the docket of Case No. 3:09-CR-68.

On February 4, 2010, the Court sentenced Petitioner to 110 months' imprisonment, a term at the bottom of his Guidelines range [Doc. 24]. The Petitioner did not file an appeal of his conviction or sentence.

On March 17, 2014, Petitioner filed the present motion pursuant to 28 U.S.C. § 2255 [Doc. 28].

## II. TIMELINESS OF PETITION

A one-year statute of limitations is applicable to collateral challenges under § 2255. The one year period runs from the latest of: (1) "the date on which the judgment of conviction becomes final;" (2) "the date on which the impediment to making a motion created by Governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such Governmental action;" (3) "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," or (4) "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f).

In the present case, Petitioner's judgment became final on February 18, 2010. Accordingly, the § 2255 limitation period in this case ended on February 18, 2011. Petitioner filed his § 2255 Motion more than three years later, on March 11, 2014. Therefore, the § 2255 Motion is untimely.

Petitioner has failed to establish or even assert that subsections (f)(2) or (f)(4) apply to his case. Specifically, he has not established that any illegal action by the Government prevented him from making the timely petition, or the existence of facts affecting his case that could not

2

have previously been discovered through the exercise of due diligence. The timeliness of Petitioner's original motion thus hinges on its compliance with § 2255(f)(1) or (f)(3).

Under subsection (f)(1), Petitioner's one-year period for requesting relief clearly expired well prior to filing the motion.

Section 2255(f)'s statute of limitations is not jurisdictional and may be tolled under limited, extraordinary circumstances. *Dunlap v. United States*, 250 F.3d 101, 1007 (6th Cir. 2001). Used sparingly, a Petitioner bears the burden of establishing that equitable tolling applies to his case, *see Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), and must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing," *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010); *Hail v. Warden*, 662 F.3d 745, 750 (6th Cir. 2011); *see also Jurado*, 337 F.3d at 643 ("Absent compelling equitable considerations, a court should not extend limitations by even a single day"). Review of the § 2255 Motion leads the Court to conclude that Petitioner has failed to identify a single extraordinary circumstance capable of explaining his failure to comply with the window for requesting timely collateral relief under § 2255(f). Accordingly, his § 2255 motion is **TIME-BARRED**.

### III. THE MOTION TO DISMISS

In addition to the § 2255 motion addressed above, Petitioner filed a motion to dismiss for failure to state a claim [Doc. 37]. In this motion, the Petitioner asks the Court to reconsider its Order [Doc. 34] directing the United States to file a response to the § 2255 Motion, and to "dismiss" any response which might be filed. The Court finds, however, that its order directing the United States to respond to the § 2255 Motion was correct and appropriate, and the United States having so responded, the Motion to Dismiss [Doc. 37] will be **DENIED AS MOOT**.

3

## IV. CONCLUSION

For the reasons discussed above, Petitioner's § 2255 motion [Doc. 28] will be **DENIED** and **DISMISSED WITH PREJUDICE**. The Petitioner's motion to dismiss [Doc. 37] will be **DENIED AS MOOT**.

IT IS SO ORDERED.

ENTER:

*[signature]*
UNITED STATES DISTRICT JUDGE